# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DANIEL CEDERBORG,<br><br>　　　　Defendant. | CASE NO. 1:20-cv-01500-NONE-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## I.　INTRODUCTION

### A.　Background

On October 23, 2020, Plaintiff Chris Epperson, proceeding pro se, filed a complaint. (Doc. 1 ("Compl.").)  Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on October 27, 2020. (Docs. 2 & 3.)

Plaintiff's complaint is now before the Court for screening.  As discussed below, Plaintiff's allegations are insufficient to establish subject matter jurisdiction and to plead a cognizable claim. Plaintiff is granted leave to file a first amended complaint and is provided the pleading requirements and legal standards under which his claims will be analyzed.

### B.　Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C.  Summary of the Complaint

Plaintiff's complaint is vague and ambiguous, which makes it difficult for the Court to determine what, if any, cognizable claims are contained within the complaint.

In the caption of the complaint, Plaintiff lists an address—"BF Sisk Building[,] 1130 O Street[,] Fresno[,] CA 93724"—as the defendant. (Compl. at 1.)  On the next page, however, Plaintiff names Daniel Cederborg ("Defendant"), County Counsel, as the sole defendant. (Compl. at 2.)  The address for Defendant is listed as 2220 Tulare Street, Suite 500, Fresno, CA 93721. (Compl. at 2.)

Next, Plaintiff checks the box indicating that the basis for jurisdiction in this matter is diversity of citizenship, but he leaves blank the section of the complaint form requesting information about his and Defendant's states of citizenship. (Compl. at 3–4.)  In the section of the form asking for an explanation of the amount in controversy, Plaintiff writes "motion to discreet." (Compl. 5.) Plaintiff also lists "Health & Safety Exempt No. 9" as a basis for federal question jurisdiction. (Compl. at 4.)

Plaintiff provides the following terms in the statement of his claim: "Enievident Tampeeron discreet." (Compl. at 5.)  In identifying the relief or damages requested, Plaintiff writes "Failure to meet the federal deadlines." (Compl. at 6.)

Plaintiff's civil cover sheet indicates that the cause of action is brought under "472c," and "50 USC 2271" is listed in the section requesting a brief description of the cause.  (Doc. 1-1.)  Plaintiff checks the box on the civil cover sheet indicating that this is forfeiture/penalty action and writes "41(b)" underneath. (Doc. 1-1.)  The demand is listed as "[$]300 B." (Doc. 1-1.)

## II.   DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Legal Standards

Federal courts have no power to consider claims for which they lack subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, not amended complaint, for subject matter jurisdiction).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  "The presence or absence of such jurisdiction is governed by the 'well-pleaded complaint rule,' under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 470–71 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

District courts also have original jurisdiction over civil actions in diversity cases "where the

matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010).

This Court has an independent duty to consider its own subject matter jurisdiction, whether the issue is raised by the parties, and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). The burden is on the plaintiff to allege facts establishing that jurisdiction exists to hear his or her claims. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

**2. Analysis**

The Court finds that Plaintiff has failed to properly plead the existence of either diversity or federal question jurisdiction. With regard to diversity jurisdiction, the complaint fails to allege complete diversity of citizenship between the parties, as Plaintiff left blank the section of the complaint form requesting information about the parties' states of citizenship. (Compl. at 4.) In any event, the face of the complaint indicates that the parties are not diverse. The complaint lists both Plaintiff's and Defendant's addresses as in California.[1] (Compl. 1–2.) Because Defendant has the same citizenship as Plaintiff, the Court has no diversity jurisdiction over this matter.

Plaintiff's allegations as to the amount in controversy are also insufficient. Where the complaint form sought an explanation for how that requirement was satisfied, Plaintiff simply wrote "motion to discreet," rather than a numerical value. (Compl. at 5.) Plaintiff's civil cover sheet notes a demand of "[$]300B," which the Court infers to mean $300 billion, in damages. (Doc. 1-1.) The Court, however, cannot determine from the complaint how Plaintiff reached this number. *See Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007) (a court

---

[1] The first page of the complaint indicates Plaintiff's address is in Merced, California, while the second page lists his address as in Fresno, California. (Compl. 1–2.)

4

1  "cannot base [its] jurisdiction on a [party's] speculation and conjecture"), *overruling on other*
2  *grounds recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).
3  To establish diversity jurisdiction, Plaintiff must provide facts or calculations establishing how he
4  arrived at his demand. *See Campbell v. Vitran Express, Inc.*, No. C 10-04442-RGK-SHX, 2010 WL
5  4971944, at *3 (C.D. Cal. Aug.16, 2010) (estimates by a party cannot be based on calculations that
6  are "devoid of any concrete evidence").

7  As for federal question jurisdiction, Plaintiff fails to identify a specific federal statute or
8  constitutional provision giving rise to his claims.  The complaint lists only "Health & Safety Exempt
9  No. 9" as a basis for federal question jurisdiction (Compl. at 4), and it is unclear to what this refers.
10 Plaintiff's civil cover sheet identifies the bases for the cause of action as "472c," "50 USC 2271,"
11 and "41(b)."  (Doc. 1-1.)  Title 50 of the United States Code, which involves "War and National
12 Defense," however, does not contain a Section 2271.  *See* 50 U.S.C § 2201, *et seq.*  Plaintiff's
13 citations are unclear and without additional specifications, the identification of "472c" and "41(b)"
14 is too vague, as those two provisions can be subsections of any number of statutes.

15 For the foregoing reasons, the Court finds that Plaintiff's complaint is deficient for failure
16 to sufficiently plead subject matter jurisdiction.  Plaintiff will be granted leave to amend his
17 complaint.  Given that Plaintiff and Defendant have the same citizenship, Plaintiff will not be able
18 to establish diversity jurisdiction.  Should Plaintiff decide to amend his complaint, he must clearly
19 state under which federal statute or constitutional provision his claim arises.

20 **B.  Statement of a Claim**

21 **1.  Legal Standards**

22 Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain
23 statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).
24 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of
25 action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662,
26 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's
27 allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v.*
28 *Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

omitted). Since Plaintiff is appearing pro se, the Court must construe the allegations of his complaint liberally and must afford him the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). The "sheer possibility" that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### 2. Analysis

The Court finds that Plaintiff's complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). First, Plaintiff fails to identify a cognizable legal basis for his claim. As previously discussed in Section II.A.2, the only potential legal basis for Plaintiff's claim identified in the complaint is "Health & Safety Exempt No. 9," and it is not clear to what this refers. (Compl. at 4.) Furthermore, the statute identified in Plaintiff's civil cover sheet ("50 USC 2271") does not exist, and the remaining provisions ("472c" and "41(b)") are too vague without additional specifications to know precisely what statutes Plaintiff is intending to cite. (Doc. 1-1.)

Second, the complaint lacks any factual allegations to support Plaintiff's claim. The statement of Plaintiff's claim contains only the following phrase: "Enievident Tampeeron discreet." (Compl. at 5.) Again, it is not clear to the Court what this phrase means, and the Court cannot determine what Plaintiff is attempting to allege in the complaint. An internet search of the phrase did not provide any additional information helpful to clarifying its meaning.[2] Given that the terms

---

[2] The Court notes that the search results contained previous actions filed by Plaintiff using the same phrase, against various defendants, and which appear to have been dismissed at various stages of the particular litigation. A search of court records for Plaintiff returned the following dismissed cases: (1) *Epperson v. State of California*, No. 1:19-cv-00743-LJO-BAM, dismissed for failure to prosecute on September 24, 2019 (Doc. 6); (2) *Epperson v. Capital of Harrisburg*, No. 1:19-cv-00475-LJO-SAB, dismissed for failure to prosecute on June 27, 2019 (Doc. 5); (3) *Epperson v. British Embassy*, No. 1:18-cv-01432-DAD-EPG, dismissed for failure to prosecute on June 25, 2019 (Doc. 6); (4) *Epperson v. Foreign Commonwealth Office*, 1:18-cv-01386-DAD-SAB, dismissed for failure to prosecute on April 8,

1 within the complaint do not have an ascertainable meaning, and the complaint lacks details
2 explaining how Plaintiff was allegedly harmed and how the Defendant may be responsible, the Court
3 finds that the complaint fails to satisfy the requirements of Rule 8.

4   In any second amended complaint, Plaintiff must clearly state the legal basis for his claim
5 and the facts that support and show that the Defendant committed the violation asserted as the legal
6 basis for the claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should explain how Defendant was involved
7 in Plaintiff's alleged harm and what acts or omissions give rise to Defendant's liability. Merely
8 listing the parties and providing ambiguous recitations of seemingly random terms and statutory
9 provisions is not sufficient.

### III.   CONCLUSION AND ORDER

11   Plaintiff's complaint, as currently presented to the Court, fails to state an adequate basis for
12 jurisdiction and a claim. As noted above, the Court will provide Plaintiff with an opportunity to
13 amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at
14 1130. In doing so, he shall consider the standards set forth in this order. Plaintiff is advised that an
15 amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927
16 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself
17 without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States
18 District Court, Eastern District of California.

19   Based on the foregoing, it is HEREBY ORDERED that:
20   1.   Plaintiff is granted leave to file a first amended complaint; and
21   2.   Within twenty-one (21) days from the date of service of this order, Plaintiff must file
22     a first amended complaint curing the deficiencies identified by the Court in this order
23     or a notice of voluntary dismissal.

---

27 2019 (Docs. 5 & 6); (5) *Epperson v. U.S. District Court, Northern District of Alabama*, No. 1:18-cv-01028-AWI-EPG, dismissed without leave to amend on August 1, 2018 (Doc. 4); (6) *Epperson v. Oracle Corporation*, No. 1:15-cv-00724-
28 LJO-BAM, dismissed without leave to amend on November 16, 2015 (Doc. 22); and (7) *Epperson v. Global American, Inc.*, No. 1:15-cv-00935-BAM, dismissed without leave to amend on October 14, 2015 (Doc. 12).

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 9, 2020**                         /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE