# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL CEDERBORG,<br><br>    Defendant. | CASE NO. 1:20-cv-01500-NONE-SKO<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 5)<br><br>21-DAY DEADLINE |

## I.  INTRODUCTION

On October 23, 2020, Plaintiff Chris Epperson, proceeding *pro se* and *in forma pauperis*, filed a complaint. (Doc. 1.) On November 10, 2020, the undersigned screened the complaint, found that it failed to state an adequate basis for subject matter jurisdiction and any cognizable federal claim, and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.)

On December 18, 2020, Plaintiff filed an "Amend Complaint – evident" (Doc. 5), which is before the Court for screening.[1] After screening Plaintiff's amended complaint, the Court finds that Plaintiff has failed to plead an adequate basis for jurisdiction and state a cognizable federal claim.

---

[1] On December 1, 2020, Plaintiff contacted the Court, stating that he had not received the first screening order. Plaintiff was re-served with the order by mail that day, and the twenty-one-day period to file an amended complaint was reset. On January 6, 2021, after the time to file an amended complaint had expired, Plaintiff filed another document titled "Amend Complaint." (Doc. 6.) On January 13, 2021, Plaintiff filed a printout of Article III of the Constitution. (Doc. 7.)

Accordingly, the Court recommends that Plaintiff's amended complaint be dismissed with prejudice and without leave to amend.

### A.   Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B).

The Court's screening of the amended complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B.   Pleading Requirements

Under Federal Rule of Civil Procedure 8(a) ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of the amended complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil

1 rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns*
2 *v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*,
3 673 F.2d 266, 268 (9th Cir. 1982)).

4     Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
5 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
6 action will not do . . . . Factual allegations must be enough to raise a right to relief above the
7 speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556
8 U.S. at 678 (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient
9 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has
10 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
11 reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations
12 omitted).

13                  **II.       DISCUSSION**

14    **A.    Summary of the Amended Complaint**

15     Plaintiff's amended complaint is a one-page, handwritten document titled, "Amend
16 Complaint – evident." (Doc. 5.) There is no case caption, and no defendant is identified on the
17 document. (*See* Doc. 5.) Like the initial complaint, Plaintiff's amended complaint is vague and
18 ambiguous, which makes it difficult for the Court to determine what, if any, cognizable claims are
19 contained therein. Specifically, the amended complaint is comprised of what appear to be a series
20 of unrelated phrases and ambiguous references to legal provisions. For example, the first five lines
21 of the amended complaint read as follow: "1 trillion 60 Billion dollar tax cut. Failure to meet federal
22 deadlines Infridgement [sic] 41(b). Defrauded legislature State Rule 41 300 Billion dollar gain. They
23 dont even like you messing with their powers. 472c[.]" (Doc. 5.) Another section of the amended
24 complaint states: "Federal dont cross state (Judification) Body of evidence Cross-motion Summarry
25 [sic] Judgment. Final Judgment Rule. Civil[.]" (Doc. 5.) There are also references to "50 USC
26 2271, 18 USC 41, 18 USC 31," "R.S. 1275," the "Fugitive Slave Act," and "Health & Safety Exempt
27 No. 9." (Doc. 5.) The last line of the amended complaint states, "Subpoena Geoffrey S. Binney."

28

(Doc. 5.) [2]

**B.     Statement of a Claim**

Under Rule 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim . . . ." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Dismissal of a complaint is appropriate if it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is disguised." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969).

The Court finds that Plaintiff's amended complaint does not comply with Rule 8 for two reasons.  First, the amended complaint lacks any factual allegations.  As mentioned above, the amended complaint is comprised of a mishmash of phrases (e.g., "Body of evidence Cross-motion Summarry [sic] Judgment. Final Judgment Rule. Civil") and ambiguous legal references (e.g., "472c" and "Health & Safety Exempt. No. 9"), so the Court is unable to discern what exactly Plaintiff is intending to plead. (Doc. 5.)  There are no facts explaining how Plaintiff was allegedly harmed and by whom—indeed, the amended complaint does not even name a defendant.[3]  (*See* Doc. 5.)  Second, the amended complaint fails to identify a cognizable legal basis for Plaintiff's claims.  As with the initial complaint, the provisions identified in the amended complaint either do not exist ("50 USC 2271"), do not establish a basis for a cause of action ("18 USC 41," "18 USC 31," and

---

[2] As mentioned above, after the deadline to file an amended complaint had passed, Plaintiff filed another two-page, handwritten document titled, "Amend Complaint" on January 6, 2021. (Doc. 6.) The document contains many of the same phrases as the amended complaint filed on December 18, 2020, including "Federal dont cross state," "Infridgement," "They dont even like you messing with their powers," "Rule 41," and "472c." (*See* Doc. 6 at 1.) Phrases in the document not found in the initial amended complaint include: "Felix vs Alexander"; "people vs people"; "simon vs state"; Fredrick vs davis"; "george vs Peter"; "Abbreviate vs A.D.B.C. _ eversince."; "Any more attributes"; and "Under Interogation [sic] Safety Cell A.B.C.D." (Doc. 6 at 2.) The document closes with a list of previous actions filed by Plaintiff that have all been dismissed. (Doc. 6 at 2.)

[3] Plaintiff was advised in the first screening order that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself without reference to the prior or superseded pleading. (*See* Doc. 4 at 7.)

4

the "Fugitive Slave Act")[4], or are too vague as stated ("472c," "R.S. 1275," "Health & Safety Exempt No. 9," and "41(b)") to know on which specific federal statute Plaintiff is basing his claim. (Doc. 5.)  Therefore, the Court concludes that Plaintiff's amended complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.

### C. Failure to Properly Plead Jurisdiction

Federal courts have no power to consider claims for which they lack subject matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  This Court has an independent duty to consider its own subject matter jurisdiction and must dismiss an action over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  The burden is on the plaintiff to allege facts establishing that jurisdiction exists to hear his claims.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").  Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States," 28 U.S.C. § 1332.

Here, Plaintiff's amended complaint fails to establish a basis for either federal question jurisdiction or diversity jurisdiction.  With regard to federal question jurisdiction, as discussed above, Plaintiff fails to identify a cognizable federal statute or constitutional provision giving rise to his claim(s) in the amended complaint.  As for diversity jurisdiction, Plaintiff has not identified a defendant in his amended complaint or alleged that the matter in controversy exceeds the sum or value of $75,000.  Therefore, the Court finds that Plaintiff's amended complaint is deficient for failure to sufficiently plead subject matter jurisdiction.

---

[4] 18 U.S.C. § 41 prohibits hunting, fishing, trapping, or causing a disturbance or injury to birds, fish, or wildlife in any protected areas of the United States.  18 U.S.C. § 31 provides definitions for the "Aircrafts and Motor Vehicles" chapter.  The Fugitive Slave Act was repealed in 1864.

### III. CONCLUSION AND RECOMMENDATION

Plaintiff's amended complaint fails to properly plead subject matter jurisdiction and state a cognizable claim. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the prior complaint, the undersigned advised Plaintiff that any amended complaint must clearly state under which federal statute or constitutional provision his claim arises and contain facts alleging how Plaintiff was harmed and by whom. Plaintiff has demonstrated that he is unable to marshal facts sufficient to constitute a cognizable federal claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of his amended complaint.[5] The granting of further leave to amend here would be futile. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice, and without leave to amend, based on Plaintiff's failure to properly plead a basis for jurisdiction and state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-**

---

[5] On January 13, 2021, Plaintiff filed a printout of Article III of the Constitution which states on the top, "Amend" and "Jurisdiction – SSSS." (Doc. 7.) The relevance of this filing is unclear and further demonstrates the futility of leave to amend.

**one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2021**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE